IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONWIDE CAPITAL FUNDING, INC., § <br> Plaintiff, § <br> § <br> V. § <br> § <br> JOHNSON CONTROLS FIRE § <br> PROTECTION, LP, § <br> Defendant/Third Party Plaintiff, § <br> § <br> V. § <br> § <br> AES DESIGN & CONSTRUCTION, LLC, § <br> Defendant/Third Party Defendant, § <br> § <br> V. § <br> § <br> JOE E. DANIELS and IULIIA DANIELS, § <br> Defendants. § | | CASE NO. 4:20-cv-03656 <br> (formerly 61st Judicial District <br> Court of Harris County, Texas <br> Case No. 2020-59389) |

## MOTION FOR ENFORCEMENT OF SETTLEMENT
## BY PLAINTIFF, NATIONWIDE CAPITAL FUNDING, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Nationwide Capital Funding, Inc. ("Nationwide"), and pursuant to Fed. R. Civ. P. 7(b), moves the Court for an Order enforcing the settlement of Plaintiff's action against Defendants, AES Design & Construction, LLC and Joe E. Daniels and Juliia Daniels (collectively, the "Settling Defendants"), and granting Nationwide's request for reasonable attorney's fees incurred in preparing this Motion. In support thereof, Nationwide would show:

1. Mediation in this case, on September 28, 2021, resulted in a settlement of disputes existing between Nationwide and the Settling Defendants by negotiated agreement. A joint Memorandum of Settlement and Status Report was filed on November 15, 2021. [D.E. # 35].

2.      In the weeks following mediation, counsel engaged in numerous telephonic and email exchanges regarding a formal Settlement Agreement and Release (the "Agreement"), finally and fully executed on December 22, 2021, signed by Joe Daniels, on behalf of himself and AES Design & Construction; by Juliia Daniels; and, by Mr. Ben Jackson on behalf of Nationwide. *See* Exhibit A.  The Agreement is in writing, signed, compete within itself in material detail, containing the essential elements of the parties' agreement.

3.      Under its terms, the Settling Defendants agreed to pay Nationwide the amount of $50,000.00, with an initial wire transfer of $10,000.00 to a designated bank account on January 1, 2022, and eight installments of $5,000.00, via wire transfer, every other month. Exhibit A, at ¶¶ 1.02-1.03.  Upon timely and complete satisfaction of the Settling Defendants' obligations, Nationwide agreed to release its claims asserted in the Action. Exhibit A, at ¶ 3.01.

4.      The Settling Defendants did not wire the initial payment on January 1, 2022, or thereafter.  Since January 5, the undersigned counsel and others from his firm have conferred, or attempted to, with Defendants' counsel on the matter, met with no response, pretexts, and other delay. *See* Exhibits B and C.  In a January 7 email, opposing counsel announced that Defendants' "check went out yesterday"—i.e., January 6, 2022, via regular mail. This email fails to explain why payment was not tendered via wire transfer, as the Agreement requires.

5.      Now eleven days after Defendants supposedly mailed the check, Plaintiff has not received it.  Defendants' initial payment is not only untimely, but these present circumstances raise serious concerns regarding whether Defendants mailed it at all.

6.      Defendants have no grounds on which to repudiate, or otherwise refuse to follow through with their obligations under, the Agreement. Nationwide should not suffer because of Defendants' stalling or distaste for the prospect of having to hold up their end of the agreement.

7. As evident from the exhibits, opposing counsel, Matthew Pepper, has been contacted several times, via electronic mail and telephone, to resolve the matter without a hearing, and despite those efforts, the Defendants, at best, are delaying without justification, or, at worst, are refusing to make the initial payment in a timely fashion.

8. As a result of the Settling Defendants' failure to honor the Agreement, Nationwide's counsel has expended time, energy and resources in preparing this Motion. Further time, energy and resources will likely be expending preparing for the hearing on this Motion. Should Nationwide prevail at said hearing, and its Motion granted, Nationwide prays the Settling Defendants be ordered to pay attorney's fees and costs shown to be reasonable and necessary for this enforcement later in compliance with the Federal Rules of Civil Procedure.

9. This Motion for enforcement is made in good faith.

10. For the above and foregoing reasons, Nationwide moves this Honorable Court to enforce the written Agreement entered by the parties in this action, and that Defendants be ordered to comply, without further delay, by remitting payment in the initial amount of $10,000.00 via wire transfer as provided in the Agreement.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to set a hearing on this motion, and after considering this motion and the arguments of counsel, GRANT this motion and enforce the Agreement between the parties, and award Plaintiff penalties and attorney's fees for bringing this Motion.

Respectfully submitted,

**/s/ Joseph B. Baucum**
Joseph B. Baucum
Federal I.D. No. 3709666

3

        State Bar No. 24076262
        Renatto Garcia
        Federal I.D. No. 3102277
        State Bar No. 24090113

         -AND-

        Peter E. Avots
        Federal I.D. No. 11424
        State Bar No. 01456450

        WOOD, BOYKIN & WOLTER
        A Professional Corporation
        555 N. Carancahua Street, Suite 1510
        Corpus Christi, Texas 78401-0855
        Telephone: 361-888-9201
        Facsimile: 361-888-8353
        Email: *rg@wbwpc.com*

        ATTORNEYS FOR NATIONWIDE
        CAPITAL FUNDING, INC.

## CERTIFICATE OF CONFERENCE

  Counsel for Plaintiff, NATIONWIDE CAPITAL FUNDING, INC., certifies that he, and other members of his firm, have made a good faith effort to resolve the dispute that is the subject matter of this motion, as shown by the exhibits attached hereto. Despite Plaintiff's best efforts, the parties have been unable to resolve the payment dispute.

        **/s/ Joseph B. Baucum**
        Joseph B. Baucum

## **CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing *Plaintiff's Motion to Enforce Settlement Agreement and in Support of Plaintiff's Cross-Motion to Enforce Settlement Agreement* with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Judge T. Hickland
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street., Suite 5400
Dallas, Texas 75201


Steve Schlacks
THE SCHLACKS LAW FIRM PLLC
10200 Grogan's Mill Road, Suite 235
The Woodlands, TX 77380

Matthew L. Pepper
Steven Schlacks
PEPPER & ASSOCIATES, PC
10200 Grogans Mill Road, Suite 235
The Woodlands, Texas 77380

                                                   **/s/ Joseph B. Baucum**
                                                   Joseph B. Baucum

7134\7\Mtn Ntc Orders\22 Mtn to Enforce Stlmt 0117-16